

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50381 | **DATE** | October 17, 2003 |
| **CASE TITLE** | *Myers v. Howmedica* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The court has reviewed the notice of removal. This case is remanded to the Circuit Court of Lee County pursuant to 28 U.S.C. § 1447(c), based on lack of subject matter jurisdiction. Accordingly, all pending motions are stricken. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 28 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/**magistrate judge**. | | | |
| RTS | courtroom deputy's initials | 03 OCT 20 PM 3:53 U.S. DISTRICT COURT CLERK | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SYLVIA MYERS and ARNOLD MYERS,<br>　　Plaintiffs,<br><br>　　v.<br><br>HOWMEDICA, INC., et al.<br>　　Defendants. | )<br>)<br>)<br>)　No. 03 C 50381<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This action was transferred to this court as it is the Western Division Back-Up Judge. This matter is before the court pursuant to 28 U.S.C. § 1446(c)(4), which requires the court to examine notices of removal to determine if removal is proper. For the following reasons, this action is remanded to the Circuit Court of Lee County.

## Discussion

Plaintiffs Sylvia and Arnold Myers filed a product liability suit based on an allegedly defective knee replacement. The named defendants are Howmedica, Inc., Pfizer, Inc., Pfizer Hospital Products, Inc., Katherine Shaw Bethea Hospital, and Stryker Corporation. According to the notice of removal, Sylvia and Arnold Myers are citizens of Illinois; Howmedica is a Delaware corporation with its principal place of business in New Jersey; Pfizer is a Delaware corporation with its principal place of business in New York; Pfizer Hospital Products, Inc., is a Delaware corporation with its principal place of business in New York; and Stryker is a Michigan corporation with its principal place of business in New Jersey.

The notice of removal also confusingly states that defendant MTG Divestitures – which is not a named defendant – is a Delaware corporation with no principal place of business. According to the notice of removal, MTG Divestitures is a limited liability company ("LLC")

and was formerly known as Howmedica, Inc. and Pfizer Hospital Products Group. The complaint and notice of removal do not contain citizenship information for Katherine Shaw Bethea Hospital. Katherine Shaw Bethea Hospital has consented to removal.

With respect to the amount in controversy, the notice of removal states that the removing defendants have a good faith belief that the amount in controversy exceeds $75,000 based on their general experience with this type of case and because they received a settlement demand letter from the plaintiffs for an amount well over the jurisdictional minimum.

There are problems with both the citizenship and amount in controversy allegations. First, it appears that two of the defendants – Howmedica, Inc. and Pfizer Hospital Products Group – are currently known as MTG Divestitures, which appears to be a LLC. LLCs are citizens of every jurisdiction of which any partner is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

The court acknowledges that the notice of removal also says that MTG Divestitures is a Delaware corporation with no principal place of business. It cannot be both a LLC and a corporation. Moreover, it is possible for a corporation to have no principal place of business if it is dissolved or otherwise not functioning. *See ,e.g, Carlos v. Adamany*, No. 95 C 50264, 1996 WL 210019 *3 (N.D. Ill. Apr 17, 1996). However, the reason that MTG has no principal place of business is not apparent from the notice of removal, and the defendant in a removed action bears the burden of establishing that the requirements for diversity jurisdiction have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). The defendants must clarify MTG Divestitures' status and provide enough information to enable the

court to determine its citizenship, as it appears that named defendants Howmedica, Inc. and Pfizer Hospital Products Group – are, in fact, currently known as MTG Divestitures.

Second, the allegations regarding the amount in controversy are not enough to satisfy Local Rule 81.2(a), which requires the defendants to state their good faith belief that the amount in controversy exceeds $75,000 *and*:

> with respect to at least one plaintiff in the Illinois action, either—
>
> (A) a response by such plaintiff to an interrogatory or interrogatories (see Ill.S.Ct. Rule 213) as to the amount in controversy, either (i) stating that the damages actually sought by that plaintiff exceed the jurisdictional amounts or (ii) declining to agree that the damage award to that plaintiff will in no event exceed the jurisdictional amount; or
>
> (B) an admission by such plaintiff in response to a request for admissions (see Ill.S.Ct. Rule 216(a)), or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request (see Ill.S.Ct. Rule 216(c)), in either event conforming to the statement or declination to agree described in subparagraph (2)(A) of this rule.

A statement that the plaintiff has demanded more than $75,000 in a settlement demand letter is clearly not enough to satisfy the specific requirements of Rule 81.2(a).

The court also notes that Katherine Shaw Bethea Hospital appears to be an Illinois citizen as the defendants argue that the court should disregard its citizenship because it was fraudulently joined. Any future attempt to remove this case must specify the hospital's citizenship. In the interests of completeness, fraudulent joinder exists when, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against an in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). The defendants assert that under Illinois law, the plaintiffs cannot state a viable products liability claim against the hospital because they have also named the manufacturer as a defendant. *See* 735 ILCS § 5/2-621

(product liability claims must be dismissed as to a defendant when it certifies the identify of the manufacturer of the product at issue).

The hospital filed a motion to dismiss in state court on this ground, and two other defendants (Pfizer and Stryker) have filed similar motions before this court. The plaintiffs have not responded to any of the motions. If this case is re-removed, the hospital, Pfizer, and Stryker may re-file their motions and the court will set a briefing schedule. It will then determine, among other things, if the plaintiffs can state a viable claim against the hospital, as the continued presence of this case in federal court depends on whether the hospital is a proper defendant.

## Conclusion

For the reasons specified above, this case is remanded to the Circuit Court of Lee County pursuant to 28 U.S.C. § 1447(c), based on lack of subject matter jurisdiction.

DATE:

Blanche M. Manning
United States District Judge

03cv50381.remove

-4-